# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. CLARK KELSO,<br><br>　　　　Respondent. | Case No.  1:13-cv-02063-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On December 16, 2013, Petitioner filed the instant petition for writ of mandamus in this Court.  He states he is permanently disabled and complains that prison staff have failed to provide him access to programs, services, and activities to which he is entitled under the American with Disabilities Act.  He requests that the Court issue a writ of mandate directing the Warden of his institution to comply with the law.

**DISCUSSION**

The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  The federal

1  mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original
2  jurisdiction of any action in the nature of mandamus to compel an officer or employee of the
3  United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.
4  Mandamus relief is only available to compel an officer of the United States to perform a duty if
5  (1) the petitioner's claim is clear and certain; (2) the duty of the officer "is ministerial and so
6  plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127,
7  1129 (9th Cir.1981) (quoting Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other
8  adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392
9  (9th Cir.1982). Mandamus relief is not available in this case because Respondent is not an
10 officer, employee or agency of the United States.  In addition, 28 U.S.C. § 1651(a) does not
11 invest a federal district court with the power to compel performance of a state court, judicial
12 officer, or another state official's duties under any circumstances. Pennhurst State Sch. & Hosp.
13 v. Halderman, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from
14 ordering state officials to conform their conduct to state law).  Thus, a petition for mandamus to
15 compel a state official to take or refrain from some action is frivolous as a matter of law. Demos
16 v. U.S. District Court, 925 F.2d 1160, 1161–72 (9th Cir.1991); Robinson v. California Bd. of
17 Prison Terms, 997 F.Supp. 1303, 1308 (C.D.Cal.1998) (federal courts are without power to issue
18 writs of mandamus to direct state agencies in the performance of their duties); Dunlap v. Corbin,
19 532 F.Supp. 183, 187 (D.Ariz.1981) (plaintiff sought order from federal court directing state
20 court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir.1982);

21       Moreover, Petitioner is challenging the conditions of his confinement. A civil rights
22 action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the
23 conditions of his confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser v.
24 Rodriguez, 411 U.S. 475, 499 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991);
25 Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Indeed,
26 Petitioner is already pursuing a civil rights action in McCoy v. Kelso, Case No. 1:12-cv-00983-
27 AWI-DLB-PC for many of the same complaints he raises herein.  The instant petition must be
28 dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of mandamus is DISMISSED; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the action.

IT IS SO ORDERED.

Dated: **January 8, 2014**

UNITED STATES MAGISTRATE JUDGE